EDWARD S. AND GLORIA M. HICKS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hicks v. Commissioner
Docket No. 22076-89
United States Tax Court
T.C. Memo 1991-564; 1991 Tax Ct. Memo LEXIS 613; 62 T.C.M. (CCH) 1234; T.C.M. (RIA) 91564; November 21, 1991, Filed *613 Decision will be entered under Rule 155. R mailed Ps a Form 872 (Consent to Extend the Time to Assess Tax) for the taxable year 1984 under the cover of a letter which stated that the audit would be limited to an examination of Ps' claimed Schedule E losses for a specific rental property. Ps' accountant reviewed the transmittal letter and advised Ps to execute the Form 872. Ps and their accountant executed the Form 872 which did not contain any language restricting the scope of the examination. Held, the parties did not mutually agree as to the terms of the Form 872, and therefore it is invalid. Held further, the period of limitations for the taxable year 1984 expired prior to the time R issued the deficiency notice for that year, and thus Ps are not liable for deficiencies or additions to tax for 1984. Bruce Locke and Lawrence W. Sherlock, for the petitioners. Steven J. Bernosky, for the respondent. NIMS, Chief Judge. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined deficiencies in and additions to petitioners' Federal income tax as follows: Additions to tax -- Sections
Year
Deficiency
6653(a)(1)
6653(a)(2)
6661(a) 1984
$ 34,183
$ 1,709
*
$  8,546
1985
46,766
2,338
*
11,692
1986
11,641
582
*
2,910
*614 For the taxable year 1986, the additions to tax for negligence are codified under section 6653(a)(1)(A) and (B). (Section references are to the Internal Revenue Code as amended and in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.) After concessions, the sole issue for decision is whether the period of limitations on assessments bars respondent's determination with respect to petitioners' 1984 taxable year. Resolution of this issue turns on whether an unrestricted Form 872 executed by the parties is valid. If we conclude that the Form 872 is valid, we must further decide whether respondent is estopped from relying on the Form 872 as a basis for extending the period of limitations for the year in issue. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners, husband and wife, resided in Corpus Christi, *615 Texas, at the time they filed their petition. Petitioners filed joint Federal income tax returns for the taxable years 1984, 1985 and 1986. Petitioners' return for the 1984 taxable year was filed on April 15, 1985. Petitioners' returns came under examination by Revenue Agent Virginia Franks (Franks). During the examination, petitioners were represented by their long-time accountant, James Braselton, Jr. From the start, the focus of the examination concerned Schedule E losses claimed with respect to a condominium unit owned by petitioners and located in the State of Hawaii. Franks questioned whether petitioners had the requisite profit objective in renting the property. Franks mailed a Form 872 (Consent to Extend the Time to Assess Tax) to petitioners requesting an extension of the period of limitations for the taxable year 1984. The Form 872 was sent to petitioners under the cover of a letter dated January 22, 1988. The letter stated in pertinent part: Dear Mr. & Mrs. Hicks: Enclosed you will find forms 872 that will extend the statute date on your 1984 form 1040 to 12-31-88. I am requesting the extension of time to enable me to complete the audit work necessary to finish *616 the examination on your 1984 form 1040 income tax return. The only issue that I will be auditing on your 1984 return is the Schedule E loss on your Hawaiian Condo at Hanalei Bay Resort. The information and data I require to complete the audit of this issue is: 1. A schedule reflecting exactly how much was reported for the years 1981, 1982, 1983, 1984 and 1986 in gross rents, rental expenses, and depreciation for the Hanalei Bay Resort Condo for each year. Your forms for these years reflect a net amount from all properties. 2. Contracts reflecting the purchase of this property.
Braselton reviewed the letter and based thereon advised petitioners to execute the Form 872. Braselton would not have advised petitioners to execute the Form 872 but for the transmittal letter. Petitioners, along with Braselton, executed the Form 872 on January 29, 1988. The Form 872 did not contain any language restricting the examination to the Hawaiian condominium issue. That same day, Braselton had the Form 872 hand delivered to Franks. The Form 872 was executed on behalf of respondent (by someone other than Franks) on February 2, 1988. Franks subsequently expanded her examination of the *617 1984 taxable year to issues other than petitioners' deductions for the Hawaiian condominium. When Braselton became aware of the expanded examination, he contacted Franks to remind her of the statement contained in the transmittal letter accompanying the Form 872. Braselton protested to Franks that the expanded examination "was unfair and unwarranted and that she shouldn't do it." Despite Braselton's protestations, Franks continued with her expanded audit. In August, 1988, Franks sought a further extension of the statute of limitations for the taxable year 1984. On August 24, 1988, petitioners executed a second Form 872 extending the period for assessment to December 31, 1989. Respondent's representative executed the Form 872 on August 30, 1988. The Form 872 did not contain any language restricting the scope of the examination. On June 7, 1989, respondent issued a notice of deficiency determining deficiencies in and additions to petitioners' Federal income tax for the taxable years 1984, 1985 and 1986. The deficiency determined with respect to the taxable year 1984 included adjustments relating to the following: (1) Schedule E losses that petitioners claimed with respect to *618 the Hawaiian condominium; (2) interest expenses of $ 17,944; (3) unreported income of $ 30,783; (4) $ 14,034 of ordinary income erroneously reported as capital gains; (5) an increased itemized deduction for taxes in the amount of $ 1,789; and (6) an increased itemized deduction for interest expense in the amount of $ 17,994. An Appeals conference was held following the issuance of the deficiency notice. At that time, respondent conceded that petitioners had substantiated the Schedule E losses claimed with respect to the Hawaiian condominium for the taxable year 1984. The parties now agree that if the statute of limitations remained open at the time respondent issued his notice of deficiency, there is a deficiency in income tax due from petitioners for the taxable year 1984 in the amount of $ 13,875.40 and that petitioners are liable for an addition to tax under section 6661(a) in the amount of $ 3,468.85. OPINION Generally, income taxes must be assessed within three years after the return in question was filed. Sec. 6501(a). Thus, in the case at bar, the period of limitations on assessment would normally expire on April 15, 1988. Pursuant to section 6501(c)(4), however, the *619 taxpayer and respondent may consent in writing to extend the three-year period of limitations on assessment. The parties do not dispute that petitioners and respondent executed two separate Forms 872, which on their face provide timely extensions of the period of limitations for the taxable year 1984. Moreover, the notice of deficiency issued to petitioners in this case was mailed within the time provided in the second Form 872. Under these circumstances, the burden of proof is on petitioners to affirmatively show the invalidity of the written consent. ; . It is well settled that a consent to extend the period of limitations on assessment is not a contract but rather is a unilateral waiver of a defense by the taxpayer. ; ; ; , affd. on other issues . *620 Nevertheless, contract principles are significant because section 6501(c)(4) requires a written agreement. In this regard, we look to objective manifestations of mutual assent to determine the terms of such agreement. ; . Relying on , petitioners argue that the first Form 872 is invalid under generally accepted contract principles because "assent to an agreement cannot be given by one party where it is induced by the wrongful acts of the other party or when the assent is based on a factual mistake that is induced by the other party." With this principle in mind, petitioners maintain that they executed the first Form 872 only after being induced by Frank's false statement in the transmittal letter that the audit would be limited to the Hawaiian condominium issue. Assuming the first Form 872 is invalid, it would appear to be petitioners' contention that the second Form 872 could not serve to extend the period of limitations because it was executed after the period had expired. *621 Sec. 6501(a). In the alternative, petitioners contend that respondent should be estopped from relying on the Form 872 to extend the period of limitations on assessment for any items other than the Hawaiian condominium. There is no dearth of cases in which the taxpayer has taken the position that the restrictive terms of a transmittal letter accompanying an otherwise unrestricted Form 872 preclude a finding of the mutual assent necessary for a valid agreement to extend the period of limitations. See ; ; ; . Notably, while the transmittal letters in each of the above-referenced cases referred to the revenue agent's need to further examine a particular item, none of the letters purported to restrict the scope of the examination to the item so mentioned. Accordingly, we agreed with respondent in those cases that the unrestricted Forms 872 executed by the parties were valid despite the taxpayers' reliance on language contained in the transmittal letters. *622 In contrast, we conclude that the Form 872 in dispute in this case is invalid. In particular, unlike the above-referenced cases, the transmittal letter accompanying the disputed Form 872 herein directly supports petitioners' contention that they agreed to extend the period of limitations solely for the purpose of allowing Franks time to complete her examination regarding the Hawaiian condominium issue. There is no question that petitioners executed an unrestricted Form 872. Nevertheless, the transmittal letter expressly stated that the examination would be limited to the Hawaiian condominium issue. Further, petitioners sought the advice of their accountant before executing the consent. Based on that advice, petitioners executed the Form 872 fully believing, as did the accountant, that the examination to follow would be restricted as provided in the transmittal letter. While petitioners can be faulted for failing to make a reference to the transmittal letter in the Form 872, see , and , Franks is likewise at fault for including the restrictive *623 statement in the transmittal letter if that is not what she intended. In any event, and on this particular record, it cannot be said that the parties reached an agreement to extend the period of limitations for the taxable year 1984. At best, the parties agreed to extend the period of limitations solely for the purpose of allowing Franks additional time to complete her audit of the Hawaiian condominium issue. Therefore, we hold that the Form 872 in question is invalid. As a consequence of our holding, we need not address petitioners' estoppel argument. Since we have held that the Form 872 executed in January, 1988, is invalid, it follows that the period of limitations for the taxable year 1984 expired on April 15, 1988. Consequently, the second form 872 executed by petitioners on August 24, 1988 (subsequent to the expiration of the period of limitations) is likewise invalid. Sec. 6501(c)(4); see ; . Accordingly, we hold that, in the absence of an effective agreement to extend the period of limitations, respondent *624 is barred from assessing and collecting the deficiency and additions to tax for 1984. To reflect the foregoing, as well as the parties' concessions, Decision will be entered under Rule 155. Footnotes
*. 50 percent of the interest due on the deficiency.↩